## (October 4, 1962)

■ CLEMENCE KAHN, Respondent, v. M. J. P. ENTERPRISES, INC., et al., Appellants.

APPEAL (1) from an order of the Supreme Court at Special Term, entered January 31, 1962 in New York County, which granted a motion by plaintiff for partial summary judgment under rule 113 of the Rules of Civil Practice and denied a motion by defendants for reargument, and (2) from the judgment entered thereon.

*Per Curiam.* Defendant M. J. P. Enterprises, Inc., appeals from an order granting plaintiff partial summary judgment in the amount of $24,000 on his first cause of action. Pursuant to a letter agreement signed by M. J. P. and defendant J. Jay Frankel, said defendants acknowledged that plaintiff had represented them in negotiations for the sale of certain film licenses by them to Flamingo Telefilm Sales, Inc. They agreed to pay plaintiff 15% of the proceeds after discounting a series of 15 notes in the face amount of $208,000. An examination before trial of Frankel revealed that this series of notes had been discounted for $160,000, and plaintiff claims 15% of this amount, or $24,000, as his compensation under the agreement.

Defendants, however, contend that the sale of the films was not made to Flamingo, but to Pyramid Distributors Inc., and that under the following provision of the letter agreement plaintiff is not entitled to compensation: "In the event for any reason, the afore-mentioned sale to Flamingo is not consummated in final and full form, together with the complete. discount of all the notes, then and in that event, this agreement shall also be null and void and of no effect.

"You further understand that until such time as our agreement with Flamingo is actually in being beyond any escrow provisions we are still free to sell this package to any third party that we desire without paying you any commission."

None of the parties has presented adequately the relationship of Pyramid to Flamingo. Plaintiff asserts that Pyramid is an "associate" company of Flamingo, while defendants recite in somewhat ambiguous terms that they are separate corporations but "affiliated". No facts are submitted in either set of papers to indicate what was the interrelationship between the two corporations, such as the identities of directors, officers, stockholders or any factors that would bear upon control of one corporation by the other.

Accordingly, the order entered January 31, 1962, granting plaintiff's motion for summary judgment on the first cause of action in the amount of $24,000 and denying defendants' motion for reargument and the judgment entered thereon are unanimously reversed, on the law, with costs, and the motion for summary judgment is denied. In view of this disposition it should be noted that plaintiff seeks only $12,000 on his first cause of action, as pleaded, and therefore could not in any event be awarded twice that sum on summary judgment. Therefore, plaintiff is granted leave to amend his complaint and to renew his motion upon appropriate papers.

Botein, P. J., Breitel, Rabin, McNally and Eager, JJ., concur.

Order and judgment unanimously reversed, on the law, with costs to abide the event and the motion for summary judgment denied. Settle order on notice.